UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  3:18CV156 |
| v. | ) | |
| | ) | |
| LORI D. COX, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The United States of America, by and through Thomas L. Kirsch II, United States Attorney for the Northern District of Indiana, and Sharon Jefferson, Assistant United States Attorney, brings this action against the defendant and for its complaint alleges:

1.    The Plaintiff is the United States of America.

2.    Jurisdiction is conferred on this Court pursuant to Title 28, United States Code, Section 1345.

3.    Defendant resides within the Northern District of Indiana.

## COUNT I

4.    The defendant became indebted to the United States of America as set forth in the Certificate of Indebtedness and promissory note(s) attached hereto and marked as Exhibits "A" and "B", respectively.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  3:18CV |
| v. | ) | |
| | ) | |
| LORI D. COX, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

The United States of America, by and through Thomas L. Kirsch II, United States Attorney for the Northern District of Indiana, and Sharon Jefferson, Assistant United States Attorney, brings this action against the defendant and for its complaint alleges:

1.    The Plaintiff is the United States of America.

2.    Jurisdiction is conferred on this Court pursuant to Title 28, United States Code, Section 1345.

3.    Defendant resides within the Northern District of Indiana.

## **COUNT I**

4.    The defendant became indebted to the United States of America as set forth in the Certificate of Indebtedness and promissory note(s) attached hereto and marked as Exhibits "A" and "B", respectively.

5.     Although demand has been made for payment, there remains due and owing the principal sum of $1,385.04, plus interest to October 13, 2017 in the sum of $1,558.98.

6.     This amount is a debt to the United States as defined in the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3308. *See* 28 U.S.C. §3002(3)(B).

## COUNT II

Plaintiff realleges the allegations of Paragraphs 1-3 of the Complaint, as fully set out herein, and further complaining against defendant, states:

7.     The defendant became indebted to the United States of America as set forth in the Certificate of Indebtedness and promissory note(s) attached hereto and marked as Exhibits "C", "D", "E", "F", "G", "H", "I", and "J", respectively.

8.     Although demand has been made upon defendant for payment, defendant has neglected and refused to pay same, and there remains due and owing the principal sum of $14,958.53, plus interest to October 13, 2017 in the sum of $9,223.62.

9.     This amount is a debt to the United States as defined in the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3308. *See* 28 U.S.C. §3002(3)(B).

## COUNT III

Plaintiff realleges the allegations of Paragraphs 1-3 of the Complaint, as fully set out herein, and further complaining against defendant, states:

10.     The defendant became indebted to the United States of America as set forth in the Certificate of Indebtedness and promissory note(s) attached hereto and marked as Exhibits "K", "L", "M", and "N", respectively.

11.     Although demand has been made for payment, there remains due and owing the principal sum of $11,412.64, plus interest to October 13, 2017 in the sum of $5,331.47.

12.     This amount is a debt to the United States as defined in the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3308.  See 28 U.S.C. §3002(3)(B).

WHEREFORE, plaintiff demands judgment against defendant as follows:

1.     In the amount of $1,385.04 principal, plus $1,558.98 interest accrued through October 13, 2017, plus costs of $.00 on Count I;

2.     Interest to continue to accrue at the rate of 8% per annum until the date of judgment on Count I;

3.     In the amount of $14,958.53 principal, plus $9,223.62 interest accrued through October 13, 2017, plus costs of $.00 on Count II;

4.  Interest to continue to accrue on the principal at the rate of plus interest on the principal at the current rate of 4.08% per annum through June 30, 2018, and thereafter at such rate as the Department of Education establishes pursuant to 20 U.S.C. § 1077a, until the date of judgment on Count II.

5.  In the amount of $11,412.64 principal, plus $5,331.47 interest accrued through October 13, 2017, plus costs of $.00 on Count III;

6.  Interest to continue to accrue on the principal at the rate of plus interest on the principal at the current rate of 3.28% per annum through June 30, 2018, and thereafter at such rate as the Department of Education establishes pursuant to 20 U.S.C.§1077a, until the date of judgment on Count III.

7.  Interest from the date of judgment is entered against the defendant on Count I, Count II, and Count III at the statutory rate until paid in full;

8.  Costs of the suit; including but not limited to, filing fee of $350.00, and administrative fee of $50, as authorized by 28 U.S.C. §§1914 and 2412(a)(2), and;

9.  Such further relief as is just and proper.

4

Respectfully Submitted,

THOMAS L. KIRSCH II
UNITED STATES ATTORNEY

By: _____

Sharon Jefferson
Assistant United States Attorney
United States Attorney's Office
Northern District of Indiana
5400 Federal Plaza, Suite 1500
Hammond, IN  46320
Phone:  (219) 937-5500
Fax: (219) 852-2770
E-mail:  sharon.jefferson2@usdoj.gov

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
**United States Attorney's Office**
**5400 Federal Plaza, Suite 1500, Hammond, IN 46320**
**(219) 937-5500**

## DEFENDANTS

LORI D. COX

County of Residence of First Listed Defendant ___Elkhart___
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

X1   U.S. Government    ☐ 3   Federal Question
     Plaintiff              *(U.S. Government Not a Party)*

☐ 2   U.S. Government    ☐ 4   Diversity
     Defendant             *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers☐ | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| X 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | **LABOR** | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Relations | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Leave Act | | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of Agency |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

X 1   Original    ☐ 2   Removed from    ☐ 3   Remanded from    ☐ 4   Reinstated or    ☐ 5   Transferred from    ☐ 6   Multidistrict
     Proceeding          State Court          Appellate Court          Reopened          Another District          Litigation
                                                                  *(specify)*

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
20:1080 Student Loan Recovery
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐Yes   X No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE   3-1-18

SIGNATURE OF ATTORNEY OF RECORD

Sharon Jefferson, Asst. U.S. Attorney

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 7

Lori Deni Cox
Aka: Lori D. Cox, D. Lori Cox

Shipshewana, IN 46565-9795
Account No. XXXXX1594

I certify that U.S. Department of Education records show that the BORROWER named above is indebted
to the United States in the amount stated below plus additional interest from 10/12/17.

On or about 03/10/87, the BORROWER executed promissory note(s) to secure loan(s) of $2,625.00 from
Gainer Bank, Gary, IN. This loan was disbursed for $1,313.00 on 04/20/87 at 8% interest per annum.
The loan obligation was guaranteed by United Student Aid Funds, Inc., and then reinsured by the
Department of Education under loan guaranty programs authorized under Title IV-B of the Higher
Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded
payment according to the terms of the note, and credited $33.15 to the outstanding principal owed on
the loan. The BORROWER defaulted on the obligation on 06/29/02, and the holder filed a claim on the
loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $1,385.04 to the holder. The
guarantor was then reimbursed for that claim payment by the Department under its reinsurance
agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire
amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt
from the BORROWER. The guarantor was unable to collect the full amount due, and on 11/02/09,
assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $113.27 in payments from all
sources, including Treasury Department offsets, if any, to the balance. After application of these
payments, the BORROWER now owes the United States the following:

Principal:      $1,385.04
Interest:       $1,558.98

Total debt as of 10/12/17:      $2,944.02

Interest accrues on the principal shown here at the rate of $0.30 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on:  11 - 9 - 17

Loan Analyst
Litigation Support Unit

Philippe Guillon
Loan Analyst

EXHIBIT___A___

**State Student Assistance Commission of Indiana**
**Application and Promissory Note for an Indiana Guaranteed Student Loan**

WARNING: Any person who knowingly makes a false statement or misrepresentation is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 USC 1097.

AG-X-000018-08

## SECTION I—TO BE COMPLETED BY THE STUDENT—READ THE INSTRUCTIONS

| 1. Social Security Number | 2. Last Name, First, M.I., Permanent Home Address |
|---|---|
| 1594 | Name CO X I D ROE L |
| | Address |
| | City E L K H A R T State I N Zip 4 6 5 1 5 |

| 3. Birthdate | 4. Area Code/Phone No. | 5. Your Dependents | 6. Permanent Resident of | 7. Intended Enrollment Status (check one) |
|---|---|---|---|---|
| Yr. 6 | (219) 294-4617 | Number 0 | State Code I X | ☒ 1 Full-time  ☐ 2 Half-time |
| | | Ages | Since 01 86 | ☐ 3 Less than Half-time |

| 8. U.S. Citizenship Status (check one) | 9. Major Course of Study Code |
|---|---|
| ☒ 1 Citizen | |
| ☐ 2 Eligible Non-citizen | |
| Alien I.D. # | |

| 10. While in School, You Intend to Live (check one) | 11. Prior to the academic year for which this loan is requested, have you ever been enrolled in any school beyond the high school level? (check one) | 12. Requested Loan Amount | 13. Loan Period |
|---|---|---|---|
| ☐ 1 With Parents | ☐ 1 Yes  ☒ 2 No | 2625 .00 | Mo. Yr. |
| ☐ 2 On Campus | | | From 04 87 |
| ☒ 3 Off Campus | | | To 01 88 |

| 14. Have you ever defaulted on an education loan? If yes, give details on a separate sheet of paper including what arrangements have been made, if any, to repay this debt. (check one) ☐ Yes ☒ No | 15. Do you have any unpaid education loans? (check one) If no, complete 15A thru 15E with zeroes. ☐ 1 Yes ☒ 2 No |
|---|---|

| 15A. Enter the total unpaid balance you owe on all your Guaranteed Student Loans. .00 | 15B. For your most recent GSL, enter the beginning and ending dates of the period. From Mo. Yr. | 15C. Indicate the grade level of your most recent GSL. | 15D Indicate the interest rate on your most recent GSL. % | 15E. Unpaid balance of your most recent GSL .00 |
|---|---|---|---|---|

16. References—You must provide 3 separate references with different addresses (please print).

| | Street, City, State, Zip | Area Code/Phone No. | Employer |
|---|---|---|---|
| 1. Diana Terry | 46001 Alexandria IN | (317) 724-7617 | American Nursing Home |
| 2. Eva Ramza | AL 35973 | (205) 422-3683 | Unknown |
| 3. Nick Lycke | IN 46737 | (219) 833-3747 | Morgan Driveaway |

| 17. Name and City of Lender who will process this loan | 18. Temporary Student Address |
|---|---|
| GAINER BANK GARY IN | SOUTH BEND IN |

**Promissory Note for a Guaranteed Student Loan**

I. Promise To Pay I, the undersigned student borrower identified in Section I, Item 2, (and any cosigner signing with the student borrower), promise to pay to you or your order when this note becomes due as set forth in Paragraph VI, a sum certain equal to the loan amount have requested in Section I, Item 12 of this Application for a Guaranteed Student Loan, which is hereby incorporated by reference into this Promissory Note, or any such lesser amount which is advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest as set forth in Paragraph II, and any other charges which may become due as provided in Paragraphs XII, XIII. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the costs of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which you incur in collecting this loan. (See Paragraphs II, XIII on the other side.) My signature certifies that I have read, understood and agreed to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

I understand that this is a Promissory Note. I will not sign this Promissory Note before reading it including the writing on the reverse side, even if otherwise advised. As a student borrower, I am entitled to an exact copy of this Promissory Note, the Notice of Loan Guarantee and Disclosure

NOTICE TO STUDENT AND COSIGNER: Terms of the Promissory Note continue on the reverse side.

Statement and any agreement I sign. By signing this Promissory Note, I, the student borrower acknowledge that I have received an exact copy hereof. I, the cosigner, have read and understand this Promissory Note and acknowledge that I may be responsible for payment in full of this obligation.

| 19A Student Borrower Signature | Date |
|---|---|
| Lori D. Cox | 3-10-87 |

I, the cosigner, further acknowledge that I have received a "Notice to Cosigner" provided separately in the Application and Promissory Note booklet and which is identical in text to the same on the reverse side of this Promissory Note.

| 19B. Cosigner (if any) Signature | SSN | Date |
|---|---|---|
| | | |

Cosigner address, street, city, state, zip

## SECTION II—TO BE COMPLETED BY THE SCHOOL—INSTRUCTIONS ON REVERSE SIDE OF SCHOOL COPY

| 20. and 21. Name and Address of School | 22. Recommended Disbursement(s) Mo. Day Yr. | 23. Loan Period Mo Day Yr | 24. Grade Level Code | 25. Anticipated Completion Date Mo. Yr. |
|---|---|---|---|---|
| Michiana College of Commerce | #1 4 13 87 | From 4 13 87 | | 11 88 |
| 1530 E Jackson Rd | #2 6 23 87 | To 1 25 88 | 26. School Code | 27. Area Code/Phone No. |
| South Bend In | #3 | | 004583 | (219) 291-0440 |

| 28. Dependency Status (check one) | 29. Adjusted Gross Income | 30. Estimated Cost of Education for Loan Period | 31. Financial Aid for Loan Period | 32. Expected Family Contribution | 33. Difference (30 minus 31 and 32) |
|---|---|---|---|---|---|
| ☐ 1 Dependent | 11,147 .00 | 19,600 .00 | 2100 .00 | 1290 .00 | 16210 .00 |
| ☒ 2 Independent | | | | | |

34. I have read and agree to the terms of the SCHOOL CERTIFICATION printed on the back of this Application.

| Authorized Signature Terri Bruski | Erri Bruski Financial Print Name and Title | Date 3-10-87 |
|---|---|---|

## SECTION III—TO BE COMPLETED BY THE LENDER

| 35. and 36. Name and Address of Lending Institution | 39. Loan Disbursement Date(s) Mo Day Yr | 40. Loan Amount(s) | 41. Lender Use Only |
|---|---|---|---|
| Gainer Bank | #1 5-11-87 | #1 1313 .00 | |
| P. O. Box 209 | #2 7-7-87 | #2 1312 .00 | 1-5-89 N N |
| Gary, In 46402 | #3 | #3 .00 | |
| | | 40. Total Amount Lender Approved $ 2,625 .00 | |

| 37. Area Code/Phone No. | 38. Lender Code | | |
|---|---|---|---|
| (219) 738-4022 | 803602 | | |

| 42. Signature of Authorized Lending Official | Print Name and Title C. Connors, Vice President | Date 4-6-87 |
|---|---|---|

© Copyright USA Funds, Inc. All rights reserved     Retain copy D for your records.

**LENDER COPY—A**

SSACI Form 503 (2/86)

EXHIBIT B

"I declare under the penalty of perjury that the foregoing is a true and correct copy of the Promissory Note."

Douglas E. St. Peters
Vice President, Portfolio Management

Sallie Mae, Inc. as authorized Agent for United Student Aid Funds.

Date: 7/9/09

EXHIBIT B

## Additional Terms of the Promissory Note for an Indiana Guaranteed Student Loan

**II. Interest.** I will pay interest on the unpaid principal balance from the date the lender advances the loan until the loan is paid in full. The interest rate on this loan will be the same as the interest rate on the student's other Guaranteed Student Loans if any of those loans is still outstanding and has an interest rate of 7%, 8% or 9%. If the student has no outstanding Guaranteed Student Loans, the interest rate on this loan will be 8%. The Notice of Loan Guarantee and Disclosure Statement identifies the interest rate for this loan. I understand that if I am eligible for Federal interest benefits, the interest will be paid by the Secretary of Education (Secretary) (a) during the period I am in school, (b) during the grace period described in Paragraph VI below, and (c) during the time my loan payments are deferred as allowed by Paragraph VIII below.

**III. Insurance Premium.** I will pay the lender an insurance premium of one percent (1%) per annum of the Loan Amount for the in-school period and the grace period. The actual insurance premium will be disclosed to me in the Notice of Loan Guarantee and Disclosure Statement and will be deducted from each disbursement. This charge is not refundable except for the amount attributable to any disbursement I do not receive or unless I return the original disbursement check uncashed.

**IV. Origination Fee.** I will pay the lender an Origination Fee which will be deducted from each disbursement. The actual Origination Fee will be disclosed to me in the Notice of Loan Guarantee and Disclosure Statement. This charge is not refundable except for the amount attributable to any disbursement I do not receive or unless I return the original disbursement check uncashed. This fee may not exceed the maximum amount set by law.

**V. Guarantee Coverage.** I understand the lender has applied for guarantee coverage of this loan through the State Student Assistance Commission of Indiana (SSACI) and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Sub-chapter IV, Part B of the Higher Education Act of 1965 (the "Act"), as amended, Federal Regulations adopted under the Act, and the Rules and Regulations of SSACI.

**VI. Repayment.** I will repay this loan in full immediately if I fail to enroll at and attend the school which certified my application for the academic period intended. In this case, the loan will not be eligible for a grace period.

I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period. The grace period begins when I either leave school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP). During the grace period I may request that the repayment period begin earlier. The length of my grace period will be disclosed on the Notice of Loan Guarantee and Disclosure Statement.

1) The Secretary will pay the interest that accrues on this loan prior to the repayment period and during any deferment period if the lender determines that I qualify to have such payments made on my behalf under the regulations governing the Indiana Guaranteed Student Loan Program (GSLP). In the event the interest on this loan is payable by the Secretary, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself. 2) Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under Paragraph VII in this Promissory Note. 3) The lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan in accordance with regulations of SSACI governing the IGSLP. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply: a) If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years. b) The lender may require a repayment period shorter than five years to ensure that the payments of all my loans, GSL and PLUS, including those of my spouse, if applicable, are at least $600.00 per annum principal and interest or the unpaid balance, whichever is less. These terms apply to all holders of my loans, GSL and PLUS, or loans of my spouse. c) Any period described under Paragraph VIII in this Promissory Note or any period for which the lender has granted forbearance will not be included in determining the 5-, 10-, and 15-year periods mentioned above. Forbearance, involving the modification of repayment terms, is explained in Paragraph IX. 4) I must contact the lender at the beginning of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines as set forth in Section 3 of this Paragraph without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender. 5) All payments will be made to the lender's address indicated on the Notice of Loan Guarantee and Disclosure Statement or to any other address the lender designates. 6) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as the Repayment Schedule, that the lender will provide to me before the repayment period begins.

**VII. Prepayment.** At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note plus accrued interest thereon. In the event of prepayment, I will be entitled to a rebate of any unearned interest that I have paid.

**VIII. Deferment.** I understand that in certain instances authorized by the Act the payments that I am required to make under Paragraph VI may be deferred. Payments of principal and interest on my loan will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances: 1) While I am enrolled in—a) Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States); b) Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g. the service academies); c) A graduate fellowship program approved by the Secretary of Education; or d) A rehabilitation training program for disabled individuals approved by the Secretary of Education. 2) For periods not exceeding 3 years for each of the following while I am—a) On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service; b) Serving as a Peace Corps Volunteer; c) Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g. VISTA); or d)

Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501(c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs. e) Temporarily totally disabled, as established by an affidavit of a qualified physician, or unable to secure employment because I am providing care required by a spouse who is temporarily totally disabled, as established by an affidavit of a qualified physician. 3) For a period not exceeding 2 years while I am serving in an internship that the Secretary of Education has determined is necessary for me to gain professional recognition required to begin professional practice or service. 4) For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States.

I agree to comply with the relevant Federal regulations and the Rules and Regulations of SSACI, including, without limitation, submission of required forms to the lender. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

**IX. Modification of Repayment Terms (Forbearance).** If I am unable to repay this loan in accordance with the terms established under Paragraph VI, I may request the lender to modify these terms. The lender may, but is not required to, allow any of the following: 1) A short period of time in which payments are waived. 2) A reasonable extension of time for making payments. 3) Making smaller payments than were originally scheduled.

I understand that I will remain responsible for payment of interest during this period which the lender may (a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan.

**X. Repayment by Department of Defense.** Under certain circumstances, military personnel may have their loans repaid by the Secretary of Defense in accordance with Section 902 of the Department of Defense Authorization Act of 1981 (P.L. 96.342, 10 U.S.C.2141, note).

Questions concerning the program should be addressed to the local service recruiter. The program described is a recruiting program and does not pertain to prior service individuals or those not eligible for enlistment in the armed services.

**XI. Acceleration and Default.** Under SSACI's Rules and Regulations governing the IGSLP, I will be in default and the lender will have the right to give me notice that the entire unpaid amount of the loan, including interest and applicable late charges, is immediately due and payable if: 1) I fail to make any payment when due. 2) Make any false representation for the purpose of obtaining this loan. 3) Use the loan proceeds for other than educational purposes. 4) Fail to enroll in the school that completed the application for the time identified as my loan period. 5) Fail to notify the lender immediately if I (a) drop to less than half-time student status or otherwise change my enrollment status, (b) change my graduation date, (c) change my name or (d) change my address. 6) Break any of my other promises under this Promissory Note. 7) Any bankruptcy proceeding is begun by or against me, or I assign any assets for the benefit of my creditors.

After sending such notice to me, the lender will have the right, without further notice, to take the outstanding balance out of any checking account and/or savings account I have with the lender, if not prohibited by law, but not out of the proceeds of any other property of mine which the lender has a right to take because of any other agreement between the lender and me. If I default, I will still be required to pay interest on this loan from the date of default. A default makes me ineligible for the benefits described under Paragraph VIII, Deferment.

If I fail to make payments when they are due, I will also pay all charges and other costs—including attorney's fees—that are permitted by Federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25 percent of the unpaid principal and accrued interest. Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date. If I default, the lender may endorse this Promissory Note to the State of Indiana. I will then be required to pay the State of Indiana all amounts owed.

**XII. Credit Bureau Notification.** If I default on this loan, the lender or guarantor may report the default to credit bureau organizations. This may significantly and adversely affect my credit rating. The lender must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the lender or SSACI may disclose information about the status of this loan to credit bureau organizations.

**XIII. Late Charges.** The lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under Paragraph VIII in this Promissory Note. A late charge may not exceed $5 or 5% of an installment, whichever amount is less.

**XIV. Transference of Ownership.** If the lender assigns (e.g., sells) the loan and the right to receive payments, I must be sent a clear notification which spells out my obligations to the party to which my loan was assigned.

By accepting assignment of this note, any subsequent holder agrees to comply with all Rules and Regulations of the Indiana Guaranteed Student Loan Program.

**XV. Additional Agreements.** 1) Any notice required to be given to me will be effective when mailed by first class mail to the latest address the lender has for me. 2) The lender's or SSACI's failure to enforce or insist I comply with any term of this Promissory Note is not a waiver of their rights. No provision of this Promissory Note can be waived or modified except in writing. 3) I understand that I must repay this loan even though I may be under 18 years of age. 4) In this Promissory Note the words I, me and my mean the borrower identified in Section I, Item 2 of the Application and any cosigner to this Note. 5) I agree that should any part of this Promissory Note be found to be unenforceable by any court of competent jurisdiction, said determination will not, as to that jurisdiction, invalidate or render unenforceable the remaining provisions of this Promissory Note.

---

## Borrower Certification

I certify under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section I of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the educational institution to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any educational institution that I may attend or SSACI or its agents, to release to the lending institution, subsequent holder, U.S. Department of Education, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address). I also authorize the lender, subsequent holder, their agent, the educational institution, or SSACI to make inquiries or respond to inquiries from my parents, or prior or subsequent lenders or holders, with respect to my loan application and related documents. I certify that the proceeds of any loan made as a result of this application will be used for educational purposes for the academic period covered by this application at the educational institution named on this form. I understand that I am responsible for repaying immediately any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at that institution for the loan period stated. I certify that the total amount of loans received under the Guaranteed Student Loan Program, Title IV, Part B (P.L. 89-329), as amended, will not exceed the allowable maximums. I further certify that I do not now owe a refund on a Pell Grant, a Supplemental Educational Opportunity Grant (SEOG), or State Student Incentive Grant (SSIG) and am not now in default as either a borrower or cosigner on a National Direct Student Loan (NDSL), a Guaranteed Student Loan (GSL), a Federal Insured Student Loan (FISL) or a PLUS Loan. I further authorize my lending institution to issue a check covering the proceeds of my loan, in full, or in part, made payable to me, or, at the lender's option, jointly payable to me and the school, and sent to the school named on this application. I have read and understand the "Statement of Borrower's Rights and Responsibilities" supplied with this application.

I, the student borrower, understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my loan amount (as determined by the lender), the insurance premium, the Origination Fee, the interest rate, and the grace period. I, the student borrower, understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application and Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement applies.

### NOTICE TO COSIGNER

If you have been requested to complete Item 19B of the Application and Promissory Note, you have been asked to guarantee the debt evidenced by the Promissory Note. Think carefully before you do. If the borrower doesn't pay this debt you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increases this amount.

The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnisheeing your wages, etc. If this debt is ever in default, that fact may become part of your credit record.

This notice is not the contract that makes you liable for the debt.

**NOTICE TO STUDENT AND COSIGNER: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**

EXHIBIT _____ B



USAFunds

UNITED STUDENT AID FUNDS, INC.
C/O SALLIE MAE, INC.
P.O. BOX 6108
INDIANAPOLIS IN 46206-6108

### IDEMNIFICATION AGREEMENT FOR THE ASSIGNMENT OF FEDERAL FAMILY EDUCATION LOAN WITH DAMAGED PROMISSORY NOTE OR PROMISSORY NOTE WITH UNINITIALED ALTERATIONS

Borrower's Current Name: __COX_____ __LORI____ __D____
                           Last                                  First    MI

Borrower's Previous Name: _____
                                (Last, First, Middle)

Borrower's Correct SSN:   -    1594_____

First Disbursement Date:   __04/20/1987_____

Last Disbursement Date:   __04/20/1987_____

Disbursement Amount:   __$1,313.00_____

In assigning Stafford Student Loans/Supplemental Loans for Students/Parent (PLUS) Loans/Consolidated Loans to the Secretary of Education (hereinafter "the Secretary"), United Student Aid Funds, Inc. (hereinafter "Guaranty Agency") agrees that if any loan assigned to the Secretary by the Guaranty Agency without an original promissory note or certified true copy in good condition should become uncollectable by reason of such damaged promissory note or because it contains alterations without the borrower's initials, or if the Secretary, in his sole discretion, determines that the loan cannot be enforced because of the damaged or altered promissory note, the Secretary is entitled to recover from the Guaranty Agency the amount of reinsurance attributable to such loan previously paid to the Guaranty Agency, plus interest from the date the reinsurance was paid. The Secretary may recover amounts due under this agreement by withholding such amounts from any payments due to the Guaranty Agency from the Department of Education.

The Guaranty Agency also agrees that the assignment of any loan covered by this Agreement includes the assignment to the Secretary of any rights held by the Guaranty Agency under any indemnification agreement or warranty executed by the lender in favor of the Guaranty Agency (lender indemnification agreement). In the event the Secretary recovers from the Guaranty Agency the amount paid in reinsurance for a loan covered by the agreement, the Secretary will release to the Guaranty Agency his rights in the applicable lender indemnification agreement.

__06/18/2009__
DATE

                  _Signature of Guaranty Agency Official_
                  Douglas E. St. Peters
                  Vice President Portfolio Management
                  As authorized agent for
                  United Student Aid Funds, Inc.

DSUAUS

EXHIBIT_____B

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #2 OF 7

Lori Deni Cox
Aka: Lori D. Cox, D. Lori Cox

Shipshewana, IN 46565-9795
Account No. XXXXX1594

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 10/12/17.

On or about 01/28/93, the BORROWER executed promissory note(s) to secure loan(s) of $2,625.00 from EFS, Indianapolis, IN. This loan was disbursed for $2,625.00 on 02/12/93 at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by Michigan Higher Education Assistance Authority, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The BORROWER defaulted on the obligation on 06/08/00, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $3,475.12 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the BORROWER. The guarantor was unable to collect the full amount due, and on 08/20/07, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $102.58 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

Principal:          $1,781.45
Interest:           $  571.76
Total debt as of 10/12/17:          $2,353.21

Interest accrues on the principal shown here at the current rate of 4.08% and a daily rate of $0.20 through June 30, 2018, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 11-9-17

Loan Analyst
Litigation Support Unit

Philippe Guillon
Loan Analyst

EXHIBIT C

**MICHIGAN GUARANTY AGENCY**

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 USC 1097.

05689... AG- X-000026-08 D

## SECTION I — TO BE COMPLETED BY THE STUDENT — READ THE INSTRUCTIONS — TYPE OR PRINT IN INK

Social Security Number: 1594

Last Name, First, Middle Initial: Cox, Lori D.

Birthdate: 67

Driver's License: UNION MI 4773...

State: MI Number

Area Code/Telephone Number: none

U.S. Citizenship Status (Check one): [X] Citizen [ ] Eligible Non Citizen   Alien ID Number

References — You must provide 3 separate adult references who all different addresses. If your Lender requires a cosigner, make the cosigner your first reference. (Carefully read instructions.)

Name: Laura Keesling   Name: Clifford Cox   Name: Mike C...

Street Address:

City, State, Zip: Bristol IN 46507   City, State, Zip: Elkhart IN 46517   City, State, Zip: Bosler IN 46526

Telephone: (219) 848 5718   Telephone: (219) 293-6948   Telephone: (219) 534 8153

Employer: JET   Employer: Quality Eng. Products   Employer: ESJ

Intended Enrollment Status (Check one): [X] 1 Full-time [ ] 2 At least half-time

Major Course of Study: 08

Requested Loan Amount: 2625 .00

Loan Period For this Loan: From 09-92 To 04-93

Have you ever defaulted on an education loan? (Check one) If yes, carefully read instructions and attach required documentation. [ ] Yes [X] No

Do you have any unpaid Stafford Loans or a Consolidation Loan with a Stafford portion? (Check one) If yes, carefully read instructions, complete 13A through 13E. If no, complete 13A through 13E with zeroes. [X] Yes [ ] No

Total unpaid balance of your most recent Stafford Loan: 932 .00

Use chart provided in instructions

Grade level of your most recent Stafford Loan:

Beginning and ending dates of your most recent Stafford Loan: From 05-87 To 08-87

Total unpaid balance of all your Stafford Loans or any portion of your Stafford Loans included in a Consolidation Loan: .00

Do you have any outstanding Stafford, PLUS or SLS Loans made for enrollment periods beginning before July 1, 1988 or a Consolidation Loan which repaid loans for enrollment periods beginning before such date? [X] Yes [ ] No

Name and Address of Previous Lender, if any: EFS PO Box 826 Indianapolis IN 46206

SEE INSTRUCTIONS ON THE FRONT OF THE BOOKLET FOR ITEM 16.

16. PERMANENT RESIDENT OF / MI / SINCE MONTH / 10 / YEAR / 89 /

E.F.S.
FEB 09 1993

**Promissory Note for a Stafford Loan**

I, Promise To Pay I, the undersigned Borrower, promise to pay you or your order when this Note becomes due a sum certain equal to the loan amount I have requested in Section I, Item 10 of this Application or any lesser amount which will be disclosed to me in the Notice of Loan Guarantee and Disclosure Statement or the amount advanced to me, plus interest and any other charges which may become due as provided in Paragraph VI. My signature certifies I have read, understand and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side and the legally required information highlighted in the Application Booklet.

Notice to Student: Terms of the Promissory Note are on the reverse side. Retain Copy D for your records.

I understand this is a Promissory Note. I will not sign this Promissory Note before reading it, including the writing on the reverse side, even if otherwise advised. As Borrower, I am entitled to an exact copy of this Promissory Note, the Notice of Loan Guarantee and Disclosure Statement and a copy of this Promissory Note when I sign. By signing this Promissory Note I, the Borrower, acknowledge I have received an exact copy of this Note

Signature of Student Borrower: x Lori D Cox   Date: 01-28-93

## SECTION II — TO BE COMPLETED BY THE SCHOOL

Name and Address of School:
SOUTHWESTERN MICHIGAN COLLEGE
58900 CHERRY GROVE RD
DOWAGIAC MI 49047

School Code: 002317

Area Code/Telephone Number: 616/782-5113

Grade Level Code: 2

Anticipated Completion Date: 5/93

Enrollment Period Covered by Loan: 9/9/92 to 4/26/93

Family Adjusted Gross Income: 7514 00

Estimated Cost of Attendance for Loan Period: 6800 00

Estimated Financial Aid for Loan Period: 3890 00

Expected Family Contribution: 224 00

Difference (28 minus the sum of 29 and 30): 2686 00

Reduced Stafford Eligibility: .00

Recommended Disbursement Date(s) must be completed: 2/15/93   3/15/93

Signature of Financial Aid Officer: Robert S. Campbell

Type or Print Name and Title: ROBERT S. CAMPBELL DEAN OF FINANCIAL AID

Date: 1/28/93

## SECTION III — TO BE COMPLETED BY THE LENDER

Name, City and State of Lending Institution:
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX EFS
XXXXXXXXXXXXX 8425 WOODFIELD CROSSING
XXXXXXXXXXXXXXXXXXXXXX SUITE 401
INDIANAPOLIS IN 46240
ATTN: DEBBIE

Lender Code: 805911

Area Code/Telephone Number: 616-396-9088

Interest Rate: %

Fee

Loan Amount Approved: .00

Authorized Lending Officer   Type or Print Name and Title   Date

For Lender Use Only

LENDER COPY A

© Copyright 1991 United Student Aid Funds, Inc. All Rights Reserved. This form is to be used only by USA Funds or the Guarantor it serves as identified above.

EXHIBIT D

MICHIGAN
Guaranty Agency

# INDEMNIFICATION AGREEMENT FOR THE ASSIGNMENT OF FEDERAL FAMILY EDUCATION LOAN WITH DAMAGED PROMISSORY NOTE OR PROMISSORY NOTE WITH UNITIALED ALTERATIONS

Borrower's Current Name: COX LORI D
(Last, First, Middle)

Borrower's Previous Name: ______
(Last, First, Middle)

Borrower's Correct SSN: ·1594

First Disbursement Date: 02/12/1993

Last Disbursement Date: 02/12/1993

Disbursement Amount: $2625.00

In assigning Stafford Student Loans/Supplemental Loans for Students/Parent (PLUS) Loans/Consolidated Loans to the Secretary of Education (hereinafter "the Secretary"), the Michigan Guaranty Agency (hereinafter "Guaranty Agency") agrees that if any loan assigned to the Secretary by the Guaranty Agency without an original promissory note or certified true copy in good condition should become uncollectible by reason of such damaged promissory note or because it contains alterations without the borrower's initials, or if the Secretary, in his sole discretion, determines that the loan cannot be enforced because of the damaged or altered promissory note, the Secretary is entitled to recover from the Guaranty Agency the amount of reinsurance attributable to such loan previously paid to the Guaranty Agency, plus interest from the date the reinsurance was paid. The Secretary may recover amounts due under this agreement by withholding such amounts from any payments due to the Guaranty Agency from the Department of Education.

The Guarantee Agency also agrees that the assignment of any loan covered by this Agreement includes the assignment to the Secretary of any rights held by the Guaranty Agency under any indemnification agreement or warranty executed by the lender in favor of the Guaranty Agency (lender indemnification agreement). In the event the Secretary recovers from the Guaranty Agency the amount paid in reinsurance for a loan covered by this agreement, the Secretary will release to the Guaranty Agency his rights in the applicable lender indemnification agreement.

June 29, 2007
Date

Michelle L. Spitzley
Signature of Guaranty Agency Official

Michelle L Spitzley, Collections Analyst
Print Name and Title

P. O. Box 30047 • Lansing, MI 48909 • (800) MGA-LOAN • Fax (517) 636-0655
mga@michigan.gov • Michigan Higher Education Assistance Authority • Michigan.gov/mistudentaid

EXHIBIT D

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #3 OF 7

Lori Deni Cox
Aka: Lori D. Cox, D. Lori Cox

Shipshewana, IN 46565-9795
Account No. XXXXX1594

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 10/12/17.

On or about 03/21/94 and 07/05/94, the BORROWER executed promissory note(s) to secure loan(s) of $3,500.00 and $2,000.00 from Gainer Bank, Indianapolis, IN. This loan was disbursed for $3,334.00 on 04/18/94 and $2,000.00 on 07/21/94 at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by United Student Aid Funds, Inc., and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The BORROWER defaulted on the obligation on 09/21/00, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $6,463.34 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the BORROWER. The guarantor was unable to collect the full amount due, and on 11/02/09, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $507.83 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

Principal:          $6,463.34
Interest:           $4,627.29
Total debt as of 10/12/17:          $11,090.63

Interest accrues on the principal shown here at the current rate of 4.08% and a daily rate of $0.72 through June 30, 2018, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on:  11- 9 -17

Loan Analyst
Litigation Support Unit

Philippe Guillon
Loan Analyst

EXHIBIT     E

## Application and Promissory Note
for Federal Stafford Loans (Subsidized and Unsubsidized) and Federal Supplemental Loans for Students (SLS)

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097.

Lender or Program Identification
EFS
STATE STUDENT ASSISTANCE COMM OF INDIANA
IN

### BORROWER SECTION — Please Print Neatly or Type — READ THE INSTRUCTIONS CAREFULLY

MAR 2 1994

| | | |
|---|---|---|
| 1. Last Name COX | First Name LORI | MI D |
| | | 2. Social Security Number 1594 |

3. Permanent Street Address (If P.O. Box, see instructions)

City KOKOMO   State IN   Zip Code 46901

4. Telephone Number (317) 868-0541

5. Loan Period (MO/YR) From 01/94 To 05/94

6. Driver's License Number (List State Abbreviation first) IN

7. Lender Name GAINER BANK   City   State   Zip Code

8. Lender Code, If Known 803602

9. Date of Birth (MO/DAY/YR) 67

10. a. Check the interest rate for your most recent Federal Stafford Loan, if any:
7% ☐   8% ☑   9% ☐   8/10% ☐   Variable ☐

b. Do you currently have an outstanding Federal SLS, PLUS, or Consolidation Loan(s) at agencies other than the one this application will be processed by?   If yes, check here: ☐

### 11. REFERENCES: You must provide two separate references with different addresses. Both references must be completed fully.

| | | |
|---|---|---|
| Name | BUTCH COX | LAURA KEESLING |
| Permanent Address | | |
| City, State, Zip Code | KOKOMO IN 46901 | BRISTOL IN 46507 |
| Area Code/Telephone | ( 317 ) 868 0541 | ( 219 ) 848- 5718 |
| Relationship to Borrower | FATHER | |

### LOAN ASSISTANCE REQUESTED

12. I wish to apply for the following types of loans in the order presented to the extent that I am eligible: (See Instructions - Select all that apply)
a. ☑ SUBSIDIZED FEDERAL STAFFORD   b. ☐ UNSUBSIDIZED FEDERAL STAFFORD   c. ☐ FEDERAL SUPPLEMENTAL LOANS FOR STUDENTS (SLS)

13. I request a total amount under these programs not to exceed (see instructions for loan maximums): My school will certify my eligibility for each program for which I am applying. The amount and other details of my loan(s) will be described to me in a Disclosure Statement.   $ 3500.00

14. If I am requesting postponement (deferment) of repayment for my Stafford and SLS loan(s) during the in-school and grace periods. If I check no, I do not want to defer repayment.   a. Yes, I want a deferment: ☐   b. No, I do not want a deferment: ☑

15. If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization). If I check no, I prefer to pay the interest.   a. Yes, I want my interest capitalized: ☐   b. No, I prefer to pay the interest: ☑

16. If my school participates in EFT, I authorize the school to transfer the loan proceeds received by EFT to my student account.   a. Yes ☐   b. No ☐   17. Are you delinquent on any non Title IV federal debt?   a. Yes ☐   b. No ☑

### PROMISSORY NOTE (Continued on the reverse side)
**PROMISE TO PAY**

I promise to pay to the Lender, or a subsequent holder of this Promissory Note, all sums disbursed thereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs and collection fees. I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued.

I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. My signature certifies I have read and agree to the terms and conditions, including the "Borrower's Certification," printed on the reverse side of this Application and Promissory Note.

**THIS IS A LOAN(S) THAT MUST BE REPAID**

18. Borrower's Signature Lori Cox
Today's Date (MO/DAY/YR) 03/21/94

### SCHOOL CERTIFICATION SECTION — TO BE COMPLETED BY SCHOOL

19. School Name Ind. Univ. - Kokomo

20. Street Address 2300 S. Washington St

City Kokomo   State In   Zip Code 46904

21. Loan Period (MO/DAY/YR) From 1/94 To 5/94

22. Grade Level 3

23. Enrollment Status: Full Time ☐   At Least Half-Time ☑

24. Anticipated Completion (Graduation) Date (MO/DAY/YR) 12/95

25. School Code/Branch 001814

26. Cost of Attendance $ 4604.00

27. Federal Expected Family Contribution $ 0

28. Estimated Financial Aid $ 1269.00

29. Certified Loan Amount(s)
a. Subsidized $ 3334.00
b. Unsubsidized $ 0
c. SLS $ 0.00

30. Telephone Number (317) 455-9216

31. Recommended Disbursement Date(s) (MO/DAY/YR)
1st. 4/1/94   2nd.
3rd.   4th.

My Signature Certifies that I Have Read and Agreed to the "School Certification" Printed on the Reverse of this Application.

32. Signature of Authorized School Official J Kennedy
Print or Type Name Jackie Kennedy
Date 3/21/94   Check box if electronically transmitted to guarantor: ☐

### LENDER SECTION — TO BE COMPLETED BY LENDER

33. Lender Name GAINER   ELSC c/o EFS

Street Address P. O. BOX 6186   ELSC
P. O. BOX 2307

City INDIANAPOLIS, IN   State   Zip Code 46206 46288

34. Lender Code/Branch 803602

35. Telephone Number (800) 535-1867

36. Lender Use Only

37. Amount(s) Approved
a. Subsidized $ 3334   b. Unsubsidized $ 0   c. SLS $ 0

38. Signature of Authorized Lending Official
Print or Type Name, Title and Date

LENDER COPY

EXHIBIT F



UNITED STUDENT AID FUNDS, INC.
C/O SALLIE MAE, INC.
P.O. BOX 6108
INDIANAPOLIS IN 46206-6108

## IDEMNIFICATION AGREEMENT FOR THE ASSIGNMENT OF FEDERAL FAMILY EDUCATION LOAN WITH DAMAGED PROMISSORY NOTE OR PROMISSORY NOTE WITH UNINITIALED ALTERATIONS

Borrower's Current Name: COX        LORI    D
                            Last                        First    MI

Borrower's Previous Name: _____
                             (Last, First, Middle)

Borrower's Correct SSN: _    1594

First Disbursement Date:    04/18/1994

Last Disbursement Date:    04/18/1994

Disbursement Amount:    $3,334.00

In assigning Stafford Student Loans/Supplemental Loans for Students/Parent (PLUS) Loans/Consolidated Loans to the Secretary of Education (hereinafter "the Secretary"), United Student Aid Funds, Inc. (hereinafter "Guaranty Agency") agrees that if any loan assigned to the Secretary by the Guaranty Agency without an original promissory note or certified true copy in good condition should become uncollectable by reason of such damaged promissory note or because it contains alterations without the borrower's initials, or if the Secretary, in his sole discretion, determines that the loan cannot be enforced because of the damaged or altered promissory note, the Secretary is entitled to recover from the Guaranty Agency the amount of reinsurance attributable to such loan previously paid to the Guaranty Agency, plus interest from the date the reinsurance was paid. The Secretary may recover amounts due under this agreement by withholding such amounts from any payments due to the Guaranty Agency from the Department of Education.

The Guaranty Agency also agrees that the assignment of any loan covered by this Agreement includes the assignment to the Secretary of any rights held by the Guaranty Agency under any indemnification agreement or warranty executed by the lender in favor of the Guaranty Agency (lender indemnification agreement). In the event the Secretary recovers from the Guaranty Agency the amount paid in reinsurance for a loan covered by the agreement, the Secretary will release to the Guaranty Agency his rights in the applicable lender indemnification agreement.

06/18/2009
DATE

Signature of Guaranty Agency Official
Douglas E. St. Peters
Vice President Portfolio Management
As authorized agent for
United Student Aid Funds, Inc.

DSUAUS

EXHIBIT_____ F

# Application and Promissory Note
## for Federal Stafford Loans (Subsidized and Unsubsidized)
## and Federal Supplemental Loans for Students (SLS)

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097.

[Guarantor or Program Identification]

UNITED STUDENT AID FUNDS, INC.

JUN 2 8 1994

US

PROC CODE: MKTXX

## BORROWER SECTION — Please Print Neatly or Type — READ THE INSTRUCTIONS CAREFULLY

1. Last Name: COX  First Name: Lori  MI: D
2. Social Security Number: ____1694

3. Permanent Street Address (if P.O. Box, see instructions): _____
City: KOKOMO  State: IN  Zip Code: 46901  (IN)

4. Telephone Number: (317) 868-0541
5. Loan Period (MO/YR): From: 5-94  to: 8-94
6. Driver's License Number (List State Abbreviation First): _____

7. Lender Name: GAINER BANK  City: ____  State: ____  Zip Code: ____
8. Lender Code, if Known: 803602
9. Date of Birth (MO/DAY/YR): __-67

10. a. Check the interest rate for your most recent Federal Stafford Loan, if any:
   7 % ☐   8 % ☑   9 % ☐   8 / 10 % ☐   Variable ☐

   b. Do you currently have an outstanding Federal SLS, PLUS, or Consolidation Loan(s) at agencies other than the one this application will be processed by?  ☐ If yes, check here: ☐

11. REFERENCES: You must provide two separate references with different addresses. Both references must be completed fully.

| | | |
|---|---|---|
| Name | LAURA BIGA | Butch Cox |
| Permanent Address | | |
| City, State, Zip Code | Kokomo IN 46507 | IN 46901 |
| Area Code/Telephone | (219) 848-5718 | (317) 868-0541 |
| Relationship to Borrower | mother | FATHER |

## LOAN ASSISTANCE REQUESTED

12. I wish to apply for the following types of loans in the order presented to the extent that I am eligible: (See instructions – Select all that apply)
   a. ☑ SUBSIDIZED FEDERAL STAFFORD   b. ☐ UNSUBSIDIZED FEDERAL STAFFORD   c. ☐ FEDERAL SUPPLEMENTAL LOANS FOR STUDENTS (SLS)

13. I request a total amount under these programs not to exceed (see instructions for loan maximums): My school will certify my eligibility for each program for which I am applying. The amount and other details of my loan(s) will be described to me in a Disclosure Statement.   $ 2,000 .00

14. If I check yes, I am requesting postponement (deferment) of repayment for my Stafford and SLS loan(s) during the in-school and grace periods. If I check no, I do not want to defer repayment.   a. Yes, I want a deferment ☐   b. No, I do not want a deferment: ☐

15. If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization). If I check no, I prefer to pay the interest.   a. Yes, I want my interest capitalized: ☐   b. No, I prefer to pay the interest: ☐

16. If my school participates in EFT, I authorize the school to transfer the loan proceeds received by EFT to my student account.   a. Yes ☐   b. No ☑

17. Are you delinquent on any non Title IV federal debt?   a. Yes ☐   b. No ☑

## PROMISSORY NOTE (Continued on the reverse side)
### PROMISE TO PAY

I promise to pay to the Lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs and collection fees. I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued.

I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. My signature certifies I have read and agree to the terms and conditions, including the "Borrower's Certification," printed on the reverse side of this Application and Promissory Note.

**THIS IS A LOAN(S) THAT MUST BE REPAID**

18. Borrower's Signature: Lori D Cox
Today's Date (MO/DAY/YR): July 5, 94

## SCHOOL CERTIFICATION SECTION — TO BE COMPLETED BY SCHOOL

19. School Name: IUK
20. Street Address: 2300 Washington St
City: Kokomo  State: In  Zip Code: 46904
21. Loan Period (MO/DAY/YR): From 5/11/94  To 8/11/94
22. Grade Level: 3
23. Enrollment Status: Full Time ☐   At Least Half-Time ☑
24. Anticipated Completion (Graduation) Date (MO/DAY/YR): 12/1/95

25. School Code/Branch: 001814
26. Cost of Attendance: $ 4,095 .00
27. Federal Expected Family Contribution: $ ____ .00
28. Estimated Financial Aid: $ 1,337 .00
29. Certified Loan Amount(s):
   a. Subsidized $ 2,000 .00
   b. Unsubsidized $ 0 .00
   c. SLS $ 0 .00

30. Telephone Number: (317) 455-9216
31. Recommended Disbursement Date(s) (MO/DAY/YR):
   1st. 7/20/94   2nd.
   3rd.   4th.

My Signature Certifies that I Have Read and Agreed to the "School Certification" Printed on the Reverse of this Application

32. Signature of Authorized School Official: Kennedy-Fletcher
Print or Type Name: Kennedy-Fletcher
Date: 7/6/94
Check box if electronically transmitted to guarantor ☐

## LENDER SECTION — TO BE COMPLETED BY LENDER

33. Lender Name:
Street Address: C/O USA FUNDS - P.O. BOX 6156
City: INDIANAPOLIS  State: IN  Zip Code: 46206-6156

34. Lender Code/Branch: 803602
35. Telephone Number: ( 800 ) 824-7044
36. Lender Use Only
37. Amount(s) Approved:
   a. Subsidized $ ____ .00   b. Unsubsidized $ ____ .00   c. SLS $ ____ .00
38. Signature of Authorized Lending Official: _____   Print or Type Name, Title and Date

1036

LENDER COPY

EXHIBIT F



UNITED STUDENT AID FUNDS, INC.
C/O SALLIE MAE, INC.
P.O. BOX 6108
INDIANAPOLIS IN 46206-6108

### IDEMNIFICATION AGREEMENT FOR THE ASSIGNMENT OF FEDERAL FAMILY EDUCATION LOAN WITH DAMAGED PROMISSORY NOTE OR PROMISSORY NOTE WITH UNINITIALED ALTERATIONS

Borrower's Current Name: <u>COX</u>                          <u>LORI      D</u>
                        Last                                First    MI

Borrower's Previous Name: _____
                         (Last, First, Middle)

Borrower's Correct SSN:        <u>·1594</u>

First Disbursement Date:    <u>07/21/1994</u>

Last Disbursement Date:     <u>07/21/1994</u>

Disbursement Amount:        <u>$2,000.00</u>

In assigning Stafford Student Loans/Supplemental Loans for Students/Parent (PLUS) Loans/Consolidated Loans to the Secretary of Education (hereinafter "the Secretary"), United Student Aid Funds, Inc. (hereinafter "Guaranty Agency") agrees that if any loan assigned to the Secretary by the Guaranty Agency without an original promissory note or certified true copy in good condition should become uncollectable by reason of such damaged promissory note or because it contains alterations without the borrower's initials, or if the Secretary, in his sole discretion, determines that the loan cannot be enforced because of the damaged or altered promissory note, the Secretary is entitled to recover from the Guaranty Agency the amount of reinsurance attributable to such loan previously paid to the Guaranty Agency, plus interest from the date the reinsurance was paid. The Secretary may recover amounts due under this agreement by withholding such amounts from any payments due to the Guaranty Agency from the Department of Education.

The Guaranty Agency also agrees that the assignment of any loan covered by this Agreement includes the assignment to the Secretary of any rights held by the Guaranty Agency under any indemnification agreement or warranty executed by the lender in favor of the Guaranty Agency (lender indemnification agreement). In the event the Secretary recovers from the Guaranty Agency the amount paid in reinsurance for a loan covered by the agreement, the Secretary will release to the Guaranty Agency his rights in the applicable lender indemnification agreement.

<u>06/18/2009</u>
DATE

Signature of Guaranty Agency Official
Douglas E. St. Peters
Vice President Portfolio Management
As authorized agent for
United Student Aid Funds, Inc.

DSUAUS

EXHIBIT_____F_____

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #4 OF 7

Lori Deni Cox
Aka: Lori D. Cox, D. Lori Cox

Shipshewana, IN 46565-9795
Account No. XXXXX1594

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 10/12/17.

On or about 10/18/95 and 05/02/96, the BORROWER executed promissory note(s) to secure loan(s) of $2,000.00 and $2,000.00 from Society National Bank, Indianapolis, IN. This loan was disbursed for $2,000.00 on 10/30/95 and $2,000.00 on 05/30/96 at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by United Student Aid Funds, Inc., and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The BORROWER defaulted on the obligation on 06/29/02, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $4,461.38 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the BORROWER. The guarantor was unable to collect the full amount due, and on 11/02/09, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $321.26 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

Principal:              $4,461.38
Interest:               $2,643.25
Total debt as of 10/12/17:        $7,104.63

Interest accrues on the principal shown here at the current rate of 4.08% and a daily rate of $0.50 through June 30, 2018, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 11-9-17

Loan Analyst
Litigation Support Unit

Philippe Guillon
Loan Analyst

EXHIBIT____G

# Application and Promissory Note for Federal Stafford Loans (subsidized and unsubsidized)

Guarantor or Program Identification

**UNITED STUDENT AID FUNDS, INC.** 94

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097.

US
EFS

## Borrower Section
*Please print neatly or type. Read the instructions carefully.*

1. Last Name: COX  First Name: Lori  MI: D  OCT 23 1995
2. Social Security Number: -1594
3. Permanent Street Address (If P.O. Box, see instructions.)
4. Telephone Number: (219) 848-5718
5. Loan Period (Month/Year) From: 08-95 To: 05-96

City: BRISTOL  State: IN  Zip Code: 46507
6. Driver's License Number (list state abbreviation first): MI
7. Lender Name  City  State  Zip Code
8. Lender Code, if known: 824573
9. Date of Birth (Month/Day/Year): 67

10. References: 
1. Name: Mike Cox  City, State, Zip: Goshen IN 46526  Area Code/Telephone: (219) 534-3291  Relationship to Borrower: brother
2. Name: Ruth Riga  City, State, Zip: Bristol IN 46507  Area Code/Telephone: (219) 848-7766  Relationship: aunt

### Loan Assistance Requested
11. I request the following loan type(s): ☑ a. Subsidized Federal Stafford ☐ b. Unsubsidized Federal Stafford
12. I request a total amount... $2000.00
13. ☑ a. Yes, I want a deferment ☐ b. No
14. ☐ a. Yes, I want my interest capitalized ☐ b. No
15. ☑ a. Yes, transfer funds ☐ b. No

### Promissory Note
**THIS IS A LOAN(S) THAT MUST BE REPAID.**
16. Borrower's Signature: Lori D Cox  Today's Date: 10-18-95

## School Section
17. School Name: Bethel College
23. School Code/Branch: 001787
28. Telephone Number: (219) 257-3316
18. Street Address: 1001 W. McKinley
24. Cost of Attendance: $7136.00
29. Recommended Disbursement Date(s) 1st 10/30/95 2nd 12/15/95
City: Mishawaka IN 46545
25. Federal Expected Family Contribution: $0.00
19. Loan Period From: 8/29/95 To: 5/7/96
26. Estimated Financial Aid: $1170
30. Signature of Authorized School Official: Guy A. Fisher, Fin Aid Direc  10/19/95
20. Grade Level: 1
27. Certified Loan Amounts a. Subsidized $2625 b. Unsubsidized $0
21. Enrollment Status: ☑ At Least Half Time
22. Anticipated Completion Date: 5/10/99

## Lender Section
31. Lender Name: EFS THRU SNB AS TRUSTEE
32. Lender Code/Branch: 824573
33. Telephone Number: (800) 635-1867
34. Lender Use Only: 02
Street Address: PO BOX 2307
35. Amount(s) Approved a. Subsidized $2000 b. Unsubsidized $0  KLS
City: INDPLS, IN 46206
36. Signature of Authorized Lending Official

1/31/94  LENDER COPY  EXHIBIT H


USAFunds

UNITED STUDENT AID FUNDS, INC.
C/O SALLIE MAE, INC.
P.O. BOX 6108
INDIANAPOLIS IN 46206-6108

<u>IDEMNIFICATION AGREEMENT FOR THE ASSIGNMENT OF FEDERAL
FAMILY EDUCATION LOAN WITH DAMAGED PROMISSORY NOTE OR
PROMISSORY NOTE WITH UNINITIALED ALTERATIONS</u>

Borrower's Current Name: <u>COX</u>             <u>LORI</u>   <u>D</u>
                       Last                          First   MI

Borrower's Previous Name: _____
                         (Last, First, Middle)

Borrower's Correct SSN:    <u>·1594</u>

First Disbursement Date:   <u>10/30/1995</u>

Last Disbursement Date:   <u>10/30/1995</u>

Disbursement Amount:    <u>$2,000.00</u>

In assigning Stafford Student Loans/Supplemental Loans for Students/Parent (PLUS) Loans/Consolidated Loans to the Secretary of Education (hereinafter "the Secretary"), United Student Aid Funds, Inc. (hereinafter "Guaranty Agency") agrees that if any loan assigned to the Secretary by the Guaranty Agency without an original promissory note or certified true copy in good condition should become uncollectable by reason of such damaged promissory note or because it contains alterations without the borrower's initials, or if the Secretary, in his sole discretion, determines that the loan cannot be enforced because of the damaged or altered promissory note, the Secretary is entitled to recover from the Guaranty Agency the amount of reinsurance attributable to such loan previously paid to the Guaranty Agency, plus interest from the date the reinsurance was paid. The Secretary may recover amounts due under this agreement by withholding such amounts from any payments due to the Guaranty Agency from the Department of Education.

The Guaranty Agency also agrees that the assignment of any loan covered by this Agreement includes the assignment to the Secretary of any rights held by the Guaranty Agency under any indemnification agreement or warranty executed by the lender in favor of the Guaranty Agency (lender indemnification agreement). In the event the Secretary recovers from the Guaranty Agency the amount paid in reinsurance for a loan covered by the agreement, the Secretary will release to the Guaranty Agency his rights in the applicable lender indemnification agreement.

<u>06/18/2009</u>
DATE

Signature of Guaranty Agency Official
Douglas E. St. Peters
Vice President Portfolio Management
As authorized agent for
United Student Aid Funds, Inc.

DSUAUS

EXHIBIT_____H

# Application and Promissory Note for Federal Stafford Loans (subsidized and unsubsidized)

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097.

**Guarantor or Program Identification**

UNITED STUDENT AID FUNDS, INC.

US

EFS

MAY 28 1996

## Borrower Section

*Please print neatly or type. Read the instructions carefully.*

| 1. Last Name | First Name | MI | 2. Social Security Number |
|---|---|---|---|
| Cox | Lori | D | -1594 |

3. Permanent Street Address (If P.O. Box, see instructions.)

| City | State | Zip Code | 4. Telephone Number ( 219 ) 848 5718 |
|---|---|---|---|
| Bristol | IN | 46567 | 5. Loan Period (Month/Year) From: 05-13-96 To: 08-15-96 |

Driver's License Number (List state abbreviation first.)

| 7. Lender Name | City | State | Zip Code | 8. Lender Code, if known | 9. Date of Birth (Month/Day/Year) |
|---|---|---|---|---|---|
| Society | | | | 824573 | -67 |

10. References: You must provide two separate references with different U.S. addresses. The first reference should be a parent or legal guardian (if living). Both references must be completed fully.

| | 1. | 2. |
|---|---|---|
| Name | Mike Cox | James Kamza |
| Permanent Address | | |
| City, State, Zip Code | Goshen IN 46526 | Elkhart IN 46516 |
| Area Code/Telephone | ( 219 ) 534 8134 | ( 219 ) 296-6842 |
| Relationship to Borrower | brother | friend |

## Loan Assistance Requested

11. I request the following loan type(s), to the extent I am eligible (see instructions):
☑ a. Subsidized Federal Stafford ☐ b. Unsubsidized Federal Stafford

12. I request a total amount under these loan types not to exceed (see instructions for loan maximums): My school will certify my eligibility for each loan type for which I am applying. The amount and other details of my loan(s) will be described in a disclosure statement
$ loc 2000 .00

13. If I check yes, I am requesting postponement (deferment) of repayment for my Stafford and prior SLS loan(s) during the in-school and grace periods. If I check no, I do not want to defer repayment.
☑ a. Yes, I want a deferment ☐ b. No, I do not want a deferment

14. If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and prior SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization). If I check no, I prefer to pay the interest.
☐ a. Yes, I want my interest capitalized ☐ b. No, I prefer to pay the interest

15. If my school participates in electronic funds transfer (EFT), I authorize the school to transfer the loan proceeds received by EFT to my student account
☑ a. Yes, transfer funds ☐ b. No, do not transfer funds

## Promissory Note

*Continued on the reverse side.*

Promise to pay: I promise to pay to the lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs, and collection fees. I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued. I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. I am entitled to an exact copy of this Promissory Note and the Borrower's Rights and Responsibilities. My signature certifies I have read, understand, and agree to the terms and conditions of this Application and Promissory Note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities statement.

**THIS IS A LOAN(S) THAT MUST BE REPAID**

| 16. Borrower's Signature | Lori D Cox | Today's Date (Month/Day/Year) 05-02-96 |
|---|---|---|

## School Section

*To be completed by an authorized school official.*

| 17. School Name Bethel College | 23. School Code/Branch 001787 | 28. Telephone Number (219) 257-3316 |
|---|---|---|
| 18. Street Address 1001 W. McKinley | 24. Cost of Attendance $ 3240 .00 | 29. Recommended Disbursement Date(s) (Month/Day/Year) 1st 5/27/96 2nd 6/15/96 |
| City Mishawaka State IN Zip Code 46545 | 25. Federal Expected Family Contribution $ -0- .00 | 3rd 4th |
| 19. Loan Period (Month/Year) From: 05/15/96 To: 08/15/96 | 26. Estimated Financial Aid $ -0- .00 | 30. School Certification (See box on the reverse side.) Signature of Authorized School Official |
| 20. Grade Level 4 | 27. Certified Loan Amounts a. Subsidized $ 2000 .00 | Guy A. Fisher, Fin Aid Director Print or Type Name and Title 5/21/96 |
| 21. Enrollment Status (Check one.) ☐ Full Time ☒ At Least Half Time | b. Unsubsidized $ -0- .00 | Date |
| 22. Anticipated Completion (Graduation) Date (Month/Day/Year) 5/7/97 | | ☐ Check box if electronically transmitted to guarantor |

## Lender Section

*To be completed by an authorized lending official.*

| 31. Lender Name Society Nat'l Bank | 32. Lender Code/Branch 824573 | 33. Telephone Number ( ) | 34. Lender Use Only 02 |
|---|---|---|---|
| Street Address P.O. Box 2307 % EFS | 35. Amount(s) Approved a. Subsidized $ 2000 .00 b. Unsubsidized $ .00 | | |
| City Indy State IN Zip Code 46206 | 36. Signature of Authorized Lending Official | Print or Type Name, Title, and Date | |

1/31/94

EXHIBIT H

LENDER COPY



USAFunds

UNITED STUDENT AID FUNDS, INC.
C/O SALLIE MAE, INC.
P.O. BOX 6108
INDIANAPOLIS IN 46206-6108

## IDEMNIFICATION AGREEMENT FOR THE ASSIGNMENT OF FEDERAL FAMILY EDUCATION LOAN WITH DAMAGED PROMISSORY NOTE OR PROMISSORY NOTE WITH UNINITIALED ALTERATIONS

Borrower's Current Name: <u>COX</u>  <u>LORI  D</u>
                             Last         First   MI

Borrower's Previous Name: _____
                             (Last, First, Middle)

Borrower's Correct SSN:        <u>1594</u>

First Disbursement Date:    <u>05/30/1996</u>

Last Disbursement Date:    <u>05/30/1996</u>

Disbursement Amount:        <u>$2,000.00</u>

In assigning Stafford Student Loans/Supplemental Loans for Students/Parent (PLUS) Loans/Consolidated Loans to the Secretary of Education (hereinafter "the Secretary"), United Student Aid Funds, Inc. (hereinafter "Guaranty Agency") agrees that if any loan assigned to the Secretary by the Guaranty Agency without an original promissory note or certified true copy in good condition should become uncollectable by reason of such damaged promissory note or because it contains alterations without the borrower's initials, or if the Secretary, in his sole discretion, determines that the loan cannot be enforced because of the damaged or altered promissory note, the Secretary is entitled to recover from the Guaranty Agency the amount of reinsurance attributable to such loan previously paid to the Guaranty Agency, plus interest from the date the reinsurance was paid. The Secretary may recover amounts due under this agreement by withholding such amounts from any payments due to the Guaranty Agency from the Department of Education.

The Guaranty Agency also agrees that the assignment of any loan covered by this Agreement includes the assignment to the Secretary of any rights held by the Guaranty Agency under any indemnification agreement or warranty executed by the lender in favor of the Guaranty Agency (lender indemnification agreement). In the event the Secretary recovers from the Guaranty Agency the amount paid in reinsurance for a loan covered by the agreement, the Secretary will release to the Guaranty Agency his rights in the applicable lender indemnification agreement.

<u>06/18/2009</u>
DATE

Signature of Guaranty Agency Official
Douglas E. St. Peters
Vice President Portfolio Management
As authorized agent for
United Student Aid Funds, Inc.

DSUAUS

EXHIBIT ___H___

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #5 OF 7

Lori Deni Cox
Aka: Lori D. Cox, D. Lori Cox

Shipshewana, IN 46565-9795
Account No. XXXXX1594

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 10/12/17.

On or about 12/13/96, the BORROWER executed promissory note(s) to secure loan(s) of $2,094.00 from the U.S. Department of Education. This loan was disbursed for $2,094.00 on 12/14/96 at a variable rate of interest to be established annually. The loan was made by the Department under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685). The Department demanded payment according to the terms of the note, and the BORROWER defaulted on the obligation on 02/01/03. Pursuant to 34 C.F.R. § 685.202(b), a total of $158.36 in unpaid interest was capitalized and added to the principal balance.

The Department has credited a total of $182.58 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

Principal:       $2,252.36
Interest:        $1,381.32

Total debt as of 10/12/17:        $3,633.68 ,

Interest accrues on the principal shown here at the current rate of 4.08% and a daily rate of $0.25 through June 30, 2018, and thereafter at such rate as the Department establishes pursuant to Section 455(b) of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087e.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on:   11- 9 - 17

Loan Analyst
Litigation Support Unit

Philippe Guillon
Loan Analyst

EXHIBIT_____I_____

**William D. Ford Federal Direct Loan Program**
**U.S. Department of Education**

\*PE\*  SBSDLS1\*

OMB No. 1840-0667
Form Approved
Exp. Date 12/31/98

Warning: Any person who knowingly makes a false statement or misrepresentation on this form shall be subject to penalties which may include fines, imprisonment or both, under the U.S. Criminal Code and 20 U.S.C. 1097.

**Federal Direct Stafford/Ford Loan**
**Federal Direct Unsubsidized Stafford/Ford Loan**
**Promissory Note and Disclosure**

## Section A: To Be Completed By The Borrower

1. Name (last, first, middle initial) and Address (street, city, state, zip code)

COX, LORI DENI

**IMAGE-RECORDS**

DEC 2 4 1996

BRISTOL, IN 46507

**111**

2. Social Security Number

-1594

3. Date of Birth

/67

4. Area Code/Telephone Number

(219) 848-1971

5. Driver's License Number (List state abbreviation first.)

IN-

6. References: You must list two persons with different U.S. addresses who have known you for at least three years. The first reference should be a parent or legal guardian.

| | 1. | 2. |
|---|---|---|
| Name | Laura Riaa | Clifford Cox |
| Permanent Address | | |
| City, State, Zip Code | Bristol, IN 46507 | Bristol, IN 46507 |
| Area Code/Telephone Number | (219) 848-7766 | (219) 257-1280 |

## Section B: To Be Completed By The School

7. School Name

INDIANA UNIVERSITY SOUTH BEND

8. Loan Period Approved  From: MM/DD/YY 08/26/96  To: MM/DD/YY 12/15/96

9. School Address (street, city, state, zip code)

1700 MISHAWAKA AVENUE, SOUTH BEND, IN 46634-7111

10. School Code/Branch

G01816

The chart below shows anticipated disbursement amounts and dates. Actual amounts and dates may vary.

| | Anticipated Disbursement Dates | Loan Amount Approved | Loan Fee Rate | Loan Fee Amount | Net Disbursement Amount | Interest Rate |
|---|---|---|---|---|---|---|
| | | | | | | VARIABLE |
| Direct Subsidized Loan | 1ST 08/16/96 | $ 1047 | 4.00 | $ 41 | $ 1006 | |
| | 2ND 08/16/96 | $ 1047 | 4.00 | $ 41 | $ 1006 | |
| | Total | $ 2094 | | $ 82 | $ 2012 | |
| Direct Unsubsidized Loan | | | | | | |
| | Total | | | | | |

I promise to pay the U.S. Department of Education all sums (hereafter "loan" or "loans") disbursed under this Promissory Note plus interest and other fees which may become due, as provided in this Promissory Note. If I fail to make payments on this Promissory Note when due, I will also pay collection costs including attorney's fees and court costs. I understand that I may cancel or reduce the size of my loan by refusing any disbursement that is issued to me. I certify that the total amount of loan that I receive under this Promissory Note will not exceed the allowable annual maximum or cumulative maximum under the Higher Education Act of 1965, as amended.

I understand that this is a Promissory Note. I will not sign this Promissory Note before reading it, even if I am advised not to read this Promissory Note. I am entitled to an exact copy of the Promissory Note and a statement of the

Borrower's Rights and Responsibilities. My signature certifies that I have read, understand and agree to the terms and conditions of this Promissory Note. My signature on this Promissory Note will serve as my authorization for my loan proceeds to be credited to my student account by the school identified in Section B.

Under penalty of perjury, I certify that the information contained in the Borrower Section of this Promissory Note is true and accurate. The proceeds of this loan will be used for authorized educational expenses at the certifying school for the specified loan period. I certify that I do not owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including National Defense Student Loans) or the Federal Family Education Loan Program, or if I am in default, I have made repayment arrangements that are satisfactory to the Secretary of the Department of Education

11. Loan Identification Number(s)

309801594-S-97-G01816-2-01   01

**I UNDERSTAND THAT THIS IS A FEDERAL LOAN THAT I MUST REPAY.**

12. Signature of Borrower  Lori D Cox   12-13-96  Date

12/13/96   10:07:00

EXHIBIT J

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #6 OF 7

Lori Deni Cox
Aka: Lori D. Cox, D. Lori Cox

Shipshewana, IN 46565-9795
Account No. XXXXX1594

I certify that U.S. Department of Education records show that the BORROWER named above is indebted
to the United States in the amount stated below plus additional interest from 10/12/17.

On or about 08/03/98, the BORROWER executed promissory note(s) to secure loan(s) of $5,300.00 from
EFS, Indianapolis, IN.  This loan was disbursed for $2,750.00 and $2,500.00 on 08/26/98 at a variable
rate of interest to be established annually by the Department of Education.  The loan obligation was
guaranteed by United Student Aid Funds, Inc., and then reinsured by the Department of Education
under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as
amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682).  The holder demanded payment according to the
terms of the note, and credited $0.00 to the outstanding principal owed on the loan.  The BORROWER
defaulted on the obligation on 06/27/02, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $6,328.43 to the holder.  The
guarantor was then reimbursed for that claim payment by the Department under its reinsurance
agreement.  Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire
amount paid becomes due to the guarantor as principal.  The guarantor attempted to collect this debt
from the BORROWER.  The guarantor was unable to collect the full amount due, and on 11/02/09,
assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $435.98 in payments from all
sources, including Treasury Department offsets, if any, to the balance.  After application of these
payments, the BORROWER now owes the United States the following:

Principal:          $6,328.43
Interest:           $3,006.67
Total debt as of 10/12/17:          $9,335.10

Interest accrues on the principal shown here at the current rate of 3.28% and a daily rate of $0.57
through June 30, 2018, and thereafter at such rate as the Department establishes pursuant to section
427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: __11 - 9- 17__

Loan Analyst
Litigation Support Unit

**Phillppe Guillon**
**Loan Analyst**

EXHIBIT____K____

# Application and Promissory Note for Federal Stafford Loans (subsidized and unsubsidized)

*Guarantor or Program Identification*

USA Funds

EFS

AUG 2 4 1998

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097

## Borrower Section
*Please print neatly or type. Read the instructions carefully.*

1. Last Name **COX**    First Name **LORI**    MI **D**
2. Social Security Number **1594**
3. Permanent Street Address (If P.O. Box, see instructions.)
   City **Goshen**   State **(IN)**   Zip Code **46526**
4. Telephone Number **(219) 534-1977**
5. Loan Period (Month/Year) From: **02/98** to: **08/98**
6. Driver's License Number (List state abbreviation first.) **IN**
7. Lender Name **EFS**   City **Indianapolis**   State **IN**   Zip Code
8. Lender Code, if known **824573**
9. Date of Birth (Month/Day/Year) **-67**
10. References: You must provide two separate references with different U.S. addresses. The first reference should be a parent or legal guardian (if living). Both references must be completed fully.

| | 1. | 2. |
|---|---|---|
| Name | Rita Laura Riga | Clifford Cox |
| Permanent Address | | |
| City, State, Zip Code | Bristol IN 46526 | Elkhart IN 46516 |
| Area Code/Telephone | (219) 8487766 | 219 295 9281 |
| Relationship to Borrower | Mother | |

## Loan Assistance Requested

11. I request the following loan type(s), to the extent I am eligible (see instructions)
    ☑ a. Subsidized Federal Stafford    ☑ b. Unsubsidized Federal Stafford

12. I request a total amount under these loan types not to exceed (see instructions for loan maximums). My school will certify my eligibility for each loan type for which I am applying. The amount and other details of my loan(s) will be listed in a disclosure statement
    $ **5300** .00

13. If I check yes, I am requesting postponement (deferment) of repayment for my Stafford and prior SLS loan(s) during the in-school and grace periods. If I check no, I do not want to defer repayment
    ☑ a. Yes, I want a deferment    ☐ b. No, I do not want a deferment

14. If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and prior SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization). If I check no, I prefer to pay the interest.
    ☑ a. Yes, I want my interest capitalized    ☐ b. No, I prefer to pay the interest

15. If my school participates in electronic funds transfer (EFT), I authorize the school to transfer the loan proceeds received by EFT to my student account
    ☑ a. Yes, transfer funds    ☐ b. No, do not transfer funds

## Promissory Note
*Continued on the reverse side.*

Promise to Pay: I promise to pay the lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs, and collection fees. I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued. I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. I am entitled to an exact copy of this Promissory Note and the Borrower's Rights and Responsibilities. My signature certifies I have read, understand, and agree to the terms and conditions of this Application and Promissory Note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities statement.

**THIS IS A LOAN(S) THAT MUST BE REPAID.**

16. Borrower's Signature _Lori D Cox_     Today's Date (Month/Day/Year) **8/3/98**

## School Section
*To be completed by an authorized school official.*

17. School Name **Bethel College**
23. School Code/Branch **001787**
28. Telephone Number **(219) 257-3316**
18. Street Address **1001 W. McKinley**
    City **Mishawaka IN** State Zip Code **46545**
24. Cost of Attendance $ **7950** 00
25. Federal Expected Family Contribution $ **-0-** 00
29. Recommended Disbursement Date(s) (Month/Day/Year) 1st **8/3/98** 2nd **8/4/98** 3rd 4th
19. Loan Period (Month/Day/Year) From **2/9/98** To **8/20/98**
26. Estimated Financial Aid $ **1350** 00
20. Grade Level **3**
27. Certified Loan Amounts
    a. Subsidized $ **2750** 00
    b. Unsubsidized $ **2500** 00
30. School Certification (See box on the reverse side)
    Signature of Authorized School Official _Cindi Holm_
    Print or Type Name and Title **Cindi Holm Student Loan Coord.**
    Date **8/3/98**
21. Enrollment Status (Check one.) ☒ Full Time   ☐ At Least Half Time
22. Anticipated Completion (Graduation) Date (Month/Year) **01/31/99**
    ☐ Check box if electronically transmitted to guarantor

## Lender Section
*To be completed by an authorized lending official.*

31. Lender Name **EFS**
32. Lender Code/Branch **824573**
33. Telephone Number ( )
34. Lender Use Only **03**
    Street Address **P.O. Box 2307**
    City **Indpls.** State **IN** Zip Code **46206**
35. Amount(s) Approved
    a. Subsidized $ **2750** 00   b. Unsubsidized $ **2500**
36. Signature of Authorized Lending Official
    Print or Type Name, Title, and Date

**DMS ORIGINAL**

1/31/94

KH    EXHIBIT **L**    1st - Lender Original



UNITED STUDENT AID FUNDS, INC.
C/O SALLIE MAE, INC.
P.O. BOX 6108
INDIANAPOLIS IN 46206-6108

### IDEMNIFICATION AGREEMENT FOR THE ASSIGNMENT OF FEDERAL FAMILY EDUCATION LOAN WITH DAMAGED PROMISSORY NOTE OR PROMISSORY NOTE WITH UNINITIALED ALTERATIONS

Borrower's Current Name: __COX_____  __LORI____  __D____
                          Last                    First     MI

Borrower's Previous Name: _____
                          (Last, First, Middle)

Borrower's Correct SSN:    _  __1594_____

First Disbursement Date:   __08/26/1998_____

Last Disbursement Date:    __08/26/1998_____

Disbursement Amount:       __$2,750.00_____

In assigning Stafford Student Loans/Supplemental Loans for Students/Parent (PLUS) Loans/Consolidated Loans to the Secretary of Education (hereinafter "the Secretary"), United Student Aid Funds, Inc. (hereinafter "Guaranty Agency") agrees that if any loan assigned to the Secretary by the Guaranty Agency without an original promissory note or certified true copy in good condition should become uncollectable by reason of such damaged promissory note or because it contains alterations without the borrower's initials, or if the Secretary, in his sole discretion, determines that the loan cannot be enforced because of the damaged or altered promissory note, the Secretary is entitled to recover from the Guaranty Agency the amount of reinsurance attributable to such loan previously paid to the Guaranty Agency, plus interest from the date the reinsurance was paid. The Secretary may recover amounts due under this agreement by withholding such amounts from any payments due to the Guaranty Agency from the Department of Education.

The Guaranty Agency also agrees that the assignment of any loan covered by this Agreement includes the assignment to the Secretary of any rights held by the Guaranty Agency under any indemnification agreement or warranty executed by the lender in favor of the Guaranty Agency (lender indemnification agreement). In the event the Secretary recovers from the Guaranty Agency the amount paid in reinsurance for a loan covered by the agreement, the Secretary will release to the Guaranty Agency his rights in the applicable lender indemnification agreement.

06/18/2009
DATE

Signature of Guaranty Agency Official
Douglas E. St. Peters
Vice President Portfolio Management
As authorized agent for
United Student Aid Funds, Inc.

DSUAUS

EXHIBIT ___L___



USAFunds

UNITED STUDENT AID FUNDS, INC.
C/O SALLIE MAE, INC.
P.O. BOX 6108
INDIANAPOLIS IN 46206-6108

### IDEMNIFICATION AGREEMENT FOR THE ASSIGNMENT OF FEDERAL FAMILY EDUCATION LOAN WITH DAMAGED PROMISSORY NOTE OR PROMISSORY NOTE WITH UNINITIALED ALTERATIONS

Borrower's Current Name: <u>COX</u> _____ <u>LORI ___ D</u>
                         Last                        First    MI

Borrower's Previous Name: _____
                          (Last, First, Middle)

Borrower's Correct SSN: ___ <u>·1594</u> _____

First Disbursement Date: <u>08/26/1998</u>

Last Disbursement Date: <u>08/26/1998</u>

Disbursement Amount: <u>$2,500.00</u>

In assigning Stafford Student Loans/Supplemental Loans for Students/Parent (PLUS) Loans/Consolidated Loans to the Secretary of Education (hereinafter "the Secretary"), United Student Aid Funds, Inc. (hereinafter "Guaranty Agency") agrees that if any loan assigned to the Secretary by the Guaranty Agency without an original promissory note or certified true copy in good condition should become uncollectable by reason of such damaged promissory note or because it contains alterations without the borrower's initials, or if the Secretary, in his sole discretion, determines that the loan cannot be enforced because of the damaged or altered promissory note, the Secretary is entitled to recover from the Guaranty Agency the amount of reinsurance attributable to such loan previously paid to the Guaranty Agency, plus interest from the date the reinsurance was paid. The Secretary may recover amounts due under this agreement by withholding such amounts from any payments due to the Guaranty Agency from the Department of Education.

The Guaranty Agency also agrees that the assignment of any loan covered by this Agreement includes the assignment to the Secretary of any rights held by the Guaranty Agency under any indemnification agreement or warranty executed by the lender in favor of the Guaranty Agency (lender indemnification agreement). In the event the Secretary recovers from the Guaranty Agency the amount paid in reinsurance for a loan covered by the agreement, the Secretary will release to the Guaranty Agency his rights in the applicable lender indemnification agreement.

<u>06/18/2009</u>
DATE

_____
Signature of Guaranty Agency Official
Douglas E. St. Peters
Vice President Portfolio Management
As authorized agent for
United Student Aid Funds, Inc.

DSUAUS

EXHIBIT ____

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #7 OF 7

> Lori Deni Cox
> Aka: Lori D. Cox, D. Lori Cox
>
> Shipshewana, IN 46565-9795
> Account No. XXXXX1594

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 10/12/17.

On or about 09/22/98 and 10/29/98, the BORROWER executed promissory note(s) to secure loan(s) of $4,750.00 and $2,000.00 from Chase Manhattan Bank, Panama City, FL. This loan was disbursed for $2,375.00 on 10/13/98 and $2,000.00 on 11/16/98 at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by United Student Aid Funds, Inc., and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The BORROWER defaulted on the obligation on 12/12/02, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $5,084.21 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the BORROWER. The guarantor was unable to collect the full amount due, and on 11/02/09, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $345.50 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

Principal:          $5,084.21
Interest:           $2,324.80
Total debt as of 10/12/17:      $7,409.01

Interest accrues on the principal shown here at the current rate of 3.28% and a daily rate of $0.46 through June 30, 2018, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: _____11- 9- 17_____

_____
Loan Analyst
Litigation Support Unit

Philippe Guillon
Loan Analyst

EXHIBIT_____ M_____

# Application and Promissory Note for Federal Stafford Loans (subsidized and unsubsidized)

Guarantor or Program Identification
**UNITED STUDENT AID FUNDS, INC.**  94

US

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097.

*Please print neatly or type. Read the instructions carefully.*

## Borrower Section

1. Last Name: **COX**  First Name: **Lori**  MI: **D**
2. Social Security Number: **1594**
3. Permanent Street Address (H.P.O. Box, see instructions): 
4. Telephone Number: **(219) 534-1977**
5. Loan Period (Month/Year): To: **08/98** To: **12/98**

**Goshen** State: **IN** Zip Code: **46526**
6. Driver's License Number (1st state abbreviation first):
7. Lender Name: **Chase Manhattan** State: Zip: **46304** Lender Code, if known: **821513 801807**
8. Date of Birth (Month/Day/Year): **67**

10. References: You must provide two separate references with different U.S. addresses.
Name: 1. **Laura King** 2. **Clifford Cox**
Permanent Address / City, State, Zip: **Bristol IN 46507** / **Elkhart IN 46517**
Area Code/Telephone: **(816) 483-2686** / **(219) 295-9281**
Relationship to Borrower: **mother** / **brother**

## Loan Assistance Requested

11. I request the following loan type(s), to the extent I am eligible (see instructions):
☑ a. Subsidized Federal Stafford ☐ b. Unsubsidized Federal Stafford

12. I request a total amount under these loan types not to exceed... **$4750 .00**

13. ☑ a. Yes, I want a deferment ☐ b. No, I do not want a deferment
14. ☑ a. Yes, I want my interest capitalized ☐ b. No, I prefer to pay the interest
15. ☑ a. Yes, transfer funds ☐ b. No, do not transfer funds

*Continued on the reverse side.*

## Promissory Note

**THIS IS A LOAN(S) THAT MUST BE REPAID.**
16. Borrower's Signature: **Lori D Cox**  Today's Date (Month/Day/Year): **09-22-98**

## School Section

17. School Name: **Bethel College**
23. School Code/Branch: **001787**
24. Cost of Attendance: **$14900 .00**
25. Federal Expected Family Contribution: **0**
26. Estimated Financial Aid: **3600**
27. Certified Loan Amounts: a. Subsidized **$5500**  b. Unsubsidized
19. Loan Period From: To:
20. Grade Level: **4**
21. Enrollment Status: ☑ Full Time ☐ At Least Half Time
30. School Certification: **Submitted via LineSS** **9/24/98**

## Lender Section

31. Lender Name: **EFS Chase Manhattan**
32. Lender Code/Branch: **824573**
33. Telephone Number: **(800) 635-1867**
Street Address: **PO BOX 2307**
City: **INDPLS** State: **IN** Zip: **46206**

LENDER COPY

EXHIBIT **N**



USAFunds

UNITED STUDENT AID FUNDS, INC.
C/O SALLIE MAE, INC.
P.O. BOX 6108
INDIANAPOLIS IN 46206-6108

## IDEMNIFICATION AGREEMENT FOR THE ASSIGNMENT OF FEDERAL FAMILY EDUCATION LOAN WITH DAMAGED PROMISSORY NOTE OR PROMISSORY NOTE WITH UNINITIALED ALTERATIONS

Borrower's Current Name:  COX                                    LORI        D
                          Last                                   First       MI

Borrower's Previous Name: _____
                          (Last, First, Middle)

Borrower's Correct SSN:          1594

First Disbursement Date:    10/13/1998

Last Disbursement Date:     10/13/1998

Disbursement Amount:        $2,375.00

In assigning Stafford Student Loans/Supplemental Loans for Students/Parent (PLUS) Loans/Consolidated Loans to the Secretary of Education (hereinafter "the Secretary"), United Student Aid Funds, Inc.  (hereinafter "Guaranty Agency") agrees that if any loan assigned to the Secretary by the Guaranty Agency without an original promissory note or certified true copy in good condition should become uncollectable by reason of such damaged promissory note or because it contains alterations without the borrower's initials, or if the Secretary, in his sole discretion, determines that the loan cannot be enforced because of the damaged or altered promissory note, the Secretary is entitled to recover from the Guaranty Agency the amount of reinsurance attributable to such loan previously paid to the Guaranty Agency, plus interest from the date the reinsurance was paid.  The Secretary may recover amounts due under this agreement by withholding such amounts from any payments due to the Guaranty Agency from the Department of Education.

The Guaranty Agency also agrees that the assignment of any loan covered by this Agreement includes the assignment to the Secretary of any rights held by the Guaranty Agency under any indemnification agreement or warranty executed by the lender in favor of the Guaranty Agency (lender indemnification agreement).  In the event the Secretary recovers from the Guaranty Agency the amount paid in reinsurance for a loan covered by the agreement, the Secretary will release to the Guaranty Agency his rights in the applicable lender indemnification agreement.

06/18/2009
DATE

                                    Douglas E. St. Peters
                                    Signature of Guaranty Agency Official
                                    Douglas E. St. Peters
                                    Vice President Portfolio Management
                                    As authorized agent for
                                    United Student Aid Funds, Inc.

DSUAUS

                                                            EXHIBIT ____ N

## Application and Promissory Note for Federal Stafford Loans (subsidized and unsubsidized)

**Guarantor or Program Identification**

United Student Aid Funds

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097.

### Borrower Section

*Please print neatly or type. Read the instructions carefully.*

| 1. Last Name | First Name | MI | 2. Social Security Number |
|---|---|---|---|
| Cox | Lori | D | -1594 |

| 3. Permanent Street Address (If P.O. Box, see instructions.) | | | 4. Telephone Number | 5. Loan Period (Month/Year) |
|---|---|---|---|---|
| | | | (219) 534-1977 | From: 08-98 To: 01-99 |

| City | State | Zip Code | 6. Driver's License Number (List state abbreviation first.) |
|---|---|---|---|
| Goshen IN | | 46527 | IN 8922-99-8486 |

| 7. Lender Name | City | State | Zip Code | 8. Lender Code, if known | 9. Date of Birth (Month/Day/Year) |
|---|---|---|---|---|---|
| | | | | | -67 |

**10. References:** You must provide two separate references with different U.S. addresses. The first reference should be a parent or legal guardian (if living). Both references must be completed fully.

| | 1. | 2. |
|---|---|---|
| Name | Laura Rigg | Clifford Cox |
| Permanent Address | | |
| City, State, Zip | #61 501 IN 46501 | Elkhart IN 46526 |
| Area Code/Telephone | (616) 483-26856 (business) | (219) 295-9281 |
| Relationship to Borrower | mother | brother |

### Loan Assistance Requested

**11.** I request the following loan type(s), to the extent I am eligible (see instructions):   ☐ a. Subsidized Federal Stafford   ☒ b. Unsubsidized Federal Stafford

**12.** I request a total amount under these loan types not to exceed (see instructions for loan maximums): My school will certify my eligibility for each loan type for which I am applying. The amount and other details of my loan(s) will be described to me in a disclosure statement.     $ 2000 .00

**13.** If I check yes, I am requesting postponement (deferment) of repayment for my Stafford and prior SLS loan(s) during the in-school and grace periods. If I check no, I do not want to defer repayment.   ☐ a. Yes, I want a deferment   ☐ b. No, I do not want a deferment

**14.** If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and prior SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization). If I check no, I prefer to pay the interest.   ☐ a. Yes, I want my interest capitalized   ☐ b. No, I prefer to pay the interest

**15.** If my school participates in electronic funds transfer (EFT), I authorize the school to transfer the loan proceeds received by EFT to my student account.   ☐ a. Yes, transfer funds   ☐ b. No, do not transfer funds

### Promissory Note

*Continued on the reverse side.*

**Promise to Pay:** I promise to pay to the lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note. I will make payments on this Note when due. I will also pay reasonable collection costs, including attorney's fees, court costs, and collection fees. I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued. I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. I am entitled to an exact copy of this Promissory Note and the Borrower's Rights and Responsibilities. My signature certifies I have read, understand, and agree to the terms and conditions of this Application and Promissory Note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities statement.

**THIS IS A LOAN(S) THAT MUST BE REPAID.**

| 16. Borrower's Signature | Today's Date (Month/Day/Year) |
|---|---|
| Lori D Cox | 10-29-98 |

### School Section

*To be completed by an authorized school official.*

| 17. School Name | 23. School Code/Branch | 28. Telephone Number |
|---|---|---|
| BETHEL COLLEGE | 001787-0000 | (219) 257-3316 |

| 18. Street Address | 24. Cost of Attendance | 29. Recommended Disbursement Date(s) (Month/Day/Year) |
|---|---|---|
| 1001 W MCKINLEY AVE | $ 7450 .00 | 1st        2nd |

| City | State | Zip Code | 25. Federal Expected Family Contribution | |
|---|---|---|---|---|
| MISHAWAKA | IN 46545 | | $ 0 .00 | 3rd        4th |

| 19. Loan Period (Month/Day/Year) | 26. Estimated Financial Aid | 30. School Certification (See box on the reverse side.) |
|---|---|---|
| From:        To: | $ 4250 .00 | Submitted via |

| 20. Grade Level | 27. Certified Loan Amounts | Signature of Authorized School Official |
|---|---|---|
| 4 | a. Subsidized $ | LinesS |

| 21. Enrollment Status (Check one.) | | Print or Type Name and Title |
|---|---|---|
| ☐ Full Time   ☐ At Least Half Time | b. Unsubsidized $ 2000 .00 | 11/2/98 |

| 22. Anticipated Completion (Graduation) Date (Month/Day/Year) | | Date |
|---|---|---|
| | | Check box if electronically transmitted to guarantor: ☐ |

### Lender Section

*To be completed by an authorized lending official.*

| 31. Lender Name | 32. Lender Code/Branch | 33. Telephone Number | 34. Lender Use Only |
|---|---|---|---|
| Chase Manhattan Bank | 807807 | (800) 828-0290 | |

| Street Address | 35. Amount(s) Approved | |
|---|---|---|
| c/o Post Office Box 59012 | a. Subsidized $ .00   b. Unsubsidized $ .00 | |

| City | State | Zip Code | 36. Signature of Authorized Lending Official | Print or Type Name, Title, and Date |
|---|---|---|---|---|
| Panama City | FL 32412-9012 | | | |

1/31/94

**LENDER COPY**

EXHIBIT ___N___



USAFunds

UNITED STUDENT AID FUNDS, INC.
C/O SALLIE MAE, INC.
P.O. BOX 6108
INDIANAPOLIS IN 46206-6108

### IDEMNIFICATION AGREEMENT FOR THE ASSIGNMENT OF FEDERAL FAMILY EDUCATION LOAN WITH DAMAGED PROMISSORY NOTE OR PROMISSORY NOTE WITH UNINITIALED ALTERATIONS

Borrower's Current Name: __COX__          __LORI__    __D__
                          Last                          First    MI

Borrower's Previous Name: _____
                              (Last, First, Middle)

Borrower's Correct SSN:      ¯ __1594__

First Disbursement Date: __11/16/1998__

Last Disbursement Date: __11/16/1998__

Disbursement Amount:     __$2,000.00__

In assigning Stafford Student Loans/Supplemental Loans for Students/Parent (PLUS) Loans/Consolidated Loans to the Secretary of Education (hereinafter "the Secretary"), United Student Aid Funds, Inc. (hereinafter "Guaranty Agency") agrees that if any loan assigned to the Secretary by the Guaranty Agency without an original promissory note or certified true copy in good condition should become uncollectable by reason of such damaged promissory note or because it contains alterations without the borrower's initials, or if the Secretary, in his sole discretion, determines that the loan cannot be enforced because of the damaged or altered promissory note, the Secretary is entitled to recover from the Guaranty Agency the amount of reinsurance attributable to such loan previously paid to the Guaranty Agency, plus interest from the date the reinsurance was paid. The Secretary may recover amounts due under this agreement by withholding such amounts from any payments due to the Guaranty Agency from the Department of Education.

The Guaranty Agency also agrees that the assignment of any loan covered by this Agreement includes the assignment to the Secretary of any rights held by the Guaranty Agency under any indemnification agreement or warranty executed by the lender in favor of the Guaranty Agency (lender indemnification agreement). In the event the Secretary recovers from the Guaranty Agency the amount paid in reinsurance for a loan covered by the agreement, the Secretary will release to the Guaranty Agency his rights in the applicable lender indemnification agreement.

__06/18/2009__
DATE

*Douglas E. St. Peters*

Signature of Guaranty Agency Official
Douglas E. St. Peters
Vice President Portfolio Management
As authorized agent for
United Student Aid Funds, Inc.

DSUAUS

EXHIBIT __N__

AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | Civil Action No. 3:18CV156 |
| | ) | |
| LORI D. COX, | ) | |
| Defendant. | ) | |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> Lori D. Cox
> 55 Roxbury Park
> Goshen, Indiana 46526

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> U.S. Attorney's Office
> Sharon Jefferson, Assistant U.S. Attorney
> 5400 Federal Plaza, Suite 1500
> Hammond, IN 46320

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 02/09) Summons in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐   I personally served the summons on the individual at *(place)* _____
     on *(date)* _____; or

☐   I left the summons at the individual's residence or usual place of abode with *(name)*_____ ,
     a person of suitable age and discretion who resides there, on *(date)*_____,
     and mailed a copy to the individual's last known address; or

☐   I served the summons on *(name of individual)*, _____ who is designated
     by law to accept service of process on behalf of *(name of organization)* _____ on
     *(date)* _____ ; or

☐   I returned the summons unexecuted because _____
     _____; or

☐   Other*:* Served by Certified Mail, Return Receipt Requested; copy below.

I declare under penalty of perjury that this information is true.

Date: _____       _____

                                  Anita J. Kammer, Paralegal Specialist
                                  U.S. Attorney's Office
                                  5400 Federal Plaza, Suite 1500, Hammond, IN  46320